UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WILLIAM KEITH BURGESS and DIANA BURGESS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:12-CV-310-TAV-CCS |
| PINE MOUNTAIN RV PARK, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This matter is before the court on the Defendant's motion to dismiss for Plaintiff's failure to serve Defendant pursuant to the time limits set forth in Federal Rule of Civil Procedure 4(m) [Doc. 13]. Plaintiff has responded in opposition [Doc. 15]. For the reasons which follow, Defendant's motion to dismiss will be granted.

## I. Background

Plaintiffs filed their complaint on July 3, 2012, alleging causes of action for negligence resulting from a fall Keith Burgess suffered at Defendant's RV Park on July 6, 2011 [Doc. 1]. No activity occurred in the case for some time, and on March 1, 2013, Plaintiffs were ordered to show cause why their action should not be dismissed for failure to prosecute [Doc. 2]. On March 28, 2013, Plaintiffs filed an unexecuted summons with the notation that Defendant's agent for process was "not found" [Doc. 3]. Plaintiffs responded to the Court's show cause order on April 1, 2013, stating that they had retained a private process server, and despite multiple visits to the property, Defendant's agent for

service of process was not located [Doc. 4]. Plaintiffs requested additional time to obtain service and an alias summons was issued on March 28, 2013. A return of service was not made in the case and on July 19, 2013, the Court dismissed the action, without prejudice, for Plaintiff's failure to prosecute, noting that "Plaintiffs have failed to serve the summons and complaint on Defendant within 120 days of filing the complaint; in fact, this case has been pending for over one year without the Plaintiffs effecting service upon Defendant" [Doc. 5].

On July 25, 2013, Plaintiffs filed a motion to alter, amend or set aside the Court's order dismissing their case [Doc. 6]. In support of the motion, Plaintiffs stated that they attempted to serve the alias summons and complaint on Defendant's agent on several occasions without success. *Id.* Plaintiffs further stated that another process server was retained, but the Order of Dismissal was entered prior to their obtaining service of process. *Id.* On July 26, 2013, the Court granted Plaintiff's motion to set aside the order of dismissal and ordered Plaintiffs to obtain service of the summons and complaint upon Defendant within thirty (30 days) of entry of the Court's order [Doc.7]. In its ruling, the Court considered that even though the prior dismissal was without prejudice, without service of process prior to dismissal, it would be fatal to Plaintiffs' case. For this reason, the Court granted Plaintiffs' motion to set aside the dismissal, but admonished Plaintiffs "that failure to serve the Defendant within this time will result in dismissal of the case." *Id.* Thus, Plaintiffs were required to serve Defendant by August 26, 2013, or face dismissal of their case.

Rather than complying with the Court's order, Plaintiffs filed yet another extension of time to obtain service of process on August 27, 2013 [Doc. 9]. Plaintiffs again reiterated their difficulty locating Defendant's agent for service of process; however, the next day, Plaintiffs filed an "Alias" summons noting that service had been made on Mark Rutledge [Doc. 10].

Defendant argues that this action should be dismissed because the Court gave Plaintiffs two warnings and opportunities to prosecute their case, but Plaintiffs failed to meet either deadline. In addition, Plaintiffs purport to have perfected service on Defendant by serving the summons and complaint on an individual who is not the agent of Defendant for service of process, Mark Rutledge.

Plaintiffs respond that delivery of the summons and complaint was made to Mark Rutledge, as agent of Dwight Ogle, and Rutledge has been known to accept service for him in the past, and they believed him to have authority to accept service on behalf of Dwight Ogle [Doc. 15]. Plaintiffs request that if the Court is not satisfied that service has been perfected upon Dwight Ogle individually and Pine Mountain RV Park, LLC, by extension, they be given additional time to obtain personal service on Dwight Ogle. *Id.* Plaintiffs have submitted the affidavit of Greg Stockman, a process server they retained in this case. Stockman states that after he was retained in July 2012, he made six different trips to Pine Mountain RV Park to locate and serve Dwight Ogle, without success [Doc. 15-2]. After issuance of the alias summons in March 2013, he made three

additional trips to Pine Mountain RV Park, but was unable to serve Dwight Ogle. Stockton then attempted, without success, to locate the home address of Dwight Ogle. *Id.*

Plaintiffs have also submitted the affidavit of George Lawson, a process server, who states that in his prior experience, he has served process upon Dwight Ogle's businesses and employees [Doc. 15-3]. Lawson states that although he made multiple trips to Ogle's businesses and home, he was unable to locate Ogle. *Id.* Lawson spoke with Mark Rutledge, who he states is a manager at one of Ogle's businesses, the Mainstay Suites Motel in Pigeon Forge, Tennessee. Rutledge informed Lawson that he was Dwight Ogle's business manager and he accepted service for Ogle on a regular basis from officers of the Sevier County Sheriff's Department. *Id.* Lawson states that while he was taking to Rutledge, he received a phone call that Lawson believed to be from Dwight Ogle. After the phone call, Rutledge told Lawson that he would accept service of process of behalf of Ogle. *Id.* Lawson allowed Rutledge to accept service of process and Rutledge signed the summons on behalf of Dwight Ogle. *Id.*

## II. Analysis

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides a complaint may be dismissed for "insufficiency of service of process." Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. *O.J. Distrib. Inc. v. Hornell Brewing Co.,* 340 F.3d 345, 353 (6th Cir. 2003). A plaintiff is responsible for having the summons and complaint served in accordance with provisions of Federal Rule of Civil Procedure 4 and within the time allowed by Rule

4

4(m).  "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Dismissal "shall follow unless the plaintiff shows good cause for failure to meet the 120-day deadline." *Nafziger v. McDermott Int'l Inc.,* 467 F.3d 514, 521 (6th Cir. 2006).  It is the responsibility of the party opposing the motion to dismiss to establish good cause and this "necessitates a demonstration of why service was not made within the time constraints." *Id.*

Pursuant to Federal Rule of Civil Procedure 4(e), a corporation or individual may be served by:  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following:

>   (A)   Delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B)   Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C)   Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).  Plaintiffs have not accomplished valid service under any of the three methods outlined in Rule 4(e)(2).  Dwight Ogle is listed as the agent for service of process for Defendant in filings with the Tennessee Secretary of State [Doc. 15-1].  Since Ogle is the agent for service, he must be served in accordance with the rules for service of process set out in Rule 4.  Upon service of Ogle, the corporation shall be deemed served,

5

since Ogle is the designated agent. Copies of the summons and complaint were not delivered personally to Defendant's registered agent, Dwight Ogle, for service of process, nor were copies left at Ogle's home with a person of suitable age and discretion.

Alternatively, Plaintiffs cannot establish valid service under Rule 4(e)(1), as they failed to effectuate proper service of process under Tennessee law. Tennessee Rule of Civil Procedure 4.04(1), which largely follows Federal Rule of Civil Procedure 4(e)(2), allows service "upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally . . . or by delivering the copies to an agent authorized by appointment of law to receive service on behalf of the individual served." Again, Ogle was not personally served as registered agent for Defendant. And Rutledge was not "an agent authorized by appointment or law" to receive service on behalf of Defendant.

It is undisputed that Plaintiffs failed to make proper service of process on Defendant's registered agent within the 120-day limit. As a result, the Court must determine whether Plaintiffs have established "good cause" for failing to timely effect service of process. Dismissal "shall follow unless the plaintiff shows good cause for failure to meet the 120-day deadline." *Nafziger*, 467 F.3d at 521. Plaintiffs have not shown "good cause" for failing to effect proper service of process on Defendant's registered agent during the 421 days that this case has been pending before the court. There was ample time and opportunity for Plaintiffs to locate and serve Defendant's registered agent, but they failed to do so despite being given two extensions of time. This

6

conduct does not demonstrate good cause or provide grounds to withstand dismissal. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) ("Counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause").

Plaintiffs argue that dismissal may have the effect of time-barring their action, which is based on events in July 2011. However, the courts in the Eastern District of Tennessee, when faced with similar statutes of limitations, have still found dismissal appropriate "despite the potentially harsh consequences." *Holmes v. Gonzalez,* 2010 WL 1408436 at *5 (E.D. Tenn. Apr. 2, 2010); *Jones v. Tennessee Valley Authority*, 2013 WL 1748333 (E.D. Tenn. Apr. 23, 2013); *Campbell v. McMinn Co.,* 2011 WL 5921431 (E.D. Tenn. Nov. 28, 2011).

### III. Conclusion

For the foregoing reasons, the Court finds Defendant's motion to dismiss is well taken, and it is hereby **GRANTED.** Pursuant to Federal Rule of Civil Procedure 4(m), this case is **DISMISSED, without prejudice**.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

7

Case 3:12-cv-00310-TAV-CCS   Document 16   Filed 11/22/13   Page 7 of 7   PageID #: 64